STATE of Missouri, Plaintiff-Respondent,

v.

Nathaniel TAYLOR, Defendant-Appellant.

No. 35121.

Missouri Court of Appeals,
St. Louis District.

Feb. 5, 1974.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Gene McNary, George Westfall, Clayton, Ellen S. Roper, Jefferson City, for plaintiff-respondent.

Joseph R. Aubuchon, Asst. Public Defender, Clayton, for defendant-appellant.

GUNN, Judge.

Defendant-appellant was convicted by a jury on the charge of robbery in the first degree by means of a dangerous and deadly weapon. He was sentenced in accordance with the verdict to twenty years imprisonment. Motion for new trial was overruled and defendant appeals. We affirm the judgment.

The sufficiency of the evidence is not at issue, and from the evidence presented, the jury could reasonably have found the following facts: On July 31, 1971, at approximately 9:30 p.m., Langston Chambers and Bill Tierney, employees of a gasoline service station in Webster Groves, were closing the station for the evening when two men entered wearing black stockings over their eyes and noses and another stocking covering their hair. One man went to the back of the station while the other remained at the front door holding a .22 caliber pistol and ordered the employees to hand over money. Tierney recognized both men immediately. When Tierney hesitated a moment in handing over the money, the man holding the gun fired two shots, one of which struck Tierney in the collar bone. The employees gave all their money to the two men who sprayed an irritant into the employees' eyes and fled from the scene with their malgained lucre. Both employees knew and positively identified the defendant as the man who held the pistol and fired the shots, as he was frequently in the service station "to kind of hang around."

An alarm was put out for the arrest of the defendant and his companion. Webster Groves Police Patrolman Donald Park was cruising near the scene of the robbery about fifteen minutes after it occurred when the defendant approached him and asked whether the police were looking for him. Patrolman Park placed the defendant under arrest and advised him of his constitutional rights. Patrolman Park testified that enroute to the Police Station, he asked the defendant whether he owned a gun and defendant responded to him that the only gun defendant ever had was a .22. The bullet removed from Tierney's shoulder was a .22 caliber. No weapon was found on the defendant.

Defendant raises two issues on appeal. We find both to be without merit. The first issue relates to permitting the police officer to testify that the defendant had told him of having owned a .22 caliber pistol. Defendant charges that the statement was substantially so remote from the evidence as to be worthless but highly prejudicial, as there was no connection made between his possible past ownership of a .22 and owning such a weapon at the time of the robbery. There was no further evidence elicited regarding the police officer's testimony relating the defendant's statement to him as to defendant's ownership of a .22 pistol. Thus, we cannot determine whether the statement meant that the defendant was acknowledging ownership of a .22 at the time of the robbery or only at some time in the past. The remoteness of evidence goes to its weight and not admissibility and whether evidence should be excluded is largely within the trial judge's discretion. State v. Bascue, 485 S.W.2d 35 (Mo.1972); State v. Watson, 386 S.W.2d 24 (Mo.1964). And evidence is relevant to show that an accused owned or possessed a weapon with which the particular crime may have been com-

mitted prior to or shortly after the commission of the crime. State v. Stancliff, 467 S.W.2d 26, 30 (Mo.1971). We cannot find here that the testimony pertaining to defendant's ownership of a .22 caliber pistol was so remote as to be entirely without materiality or that there was an abuse of discretion by the admission of the police officer's testimony bearing on his conversation with defendant about ownership of a weapon.

■ Defendant also challenges the "substantial doubt" instruction given by the trial court [1] arguing that it derogates the state's burden of proof. In State v. Scott, 491 S.W.2d 514 (Mo. banc 1973), in approving a similar instruction as in this case, it was noted that the instruction had survived attacks on it since 1857. By the decision in this case, the instruction continues to survive. See also State v. Tindall, 496 S.W.2d 267 (Mo.App.1973).

The judgment is affirmed.

SMITH, P. J., and CLEMENS and McMILLIAN, JJ., concur.

---

1. The pertinent portion of the substantial doubt instruction challenged by the defendant is:

   \*       \*       \*       \*       \*

   "If, upon consideration of all the evidence, you have a reasonable doubt of the defendant's guilt, you should acquit; but a doubt to authorize an acquittal on that ground ought to be a substantial doubt touching the defendant's guilt, and not a mere possibility of the defendant's innocence."