STATE of Missouri, Plaintiff-Respondent,

v.

Michael James SIMMONS,
Defendant-Appellant.

No. 35559.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 16, 1975.

William J. Shaw, Public Defender, Mary E. Fiser, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Frank J. Kaveney, Richard B. Scherrer, Asst. Pros. Attys., Clayton, for plaintiff-respondent.

RENDLEN, Judge.

Defendant appeals from a conviction of Burglary Second Degree, § 560.045 RSMo

1969, and sentence of five years imprisonment.

On September 27, 1972, Mr. Terry Wayne Doss and his family left their home in Berkeley, St. Louis County, at about six o'clock in the evening. Before leaving, Mrs. Doss looked into the room of her eight year old son Bryan and saw the drapes were drawn and windows closed. Bryan's room faced on the fenced back yard in which the family dog was kept.

When the family returned at about nine-thirty or ten o'clock p. m., Michele, the fourteen year old daughter, observed her wallet lying open on the floor of Bryan's room. Later it was determined that approximately one dollar in change was missing. She remembered the wallet had been on the dresser in her room earlier that evening. Her parents immediately called the police. When the police arrived, Mr. and Mrs. Doss entered Bryan's room and discovered a pane of glass in the left window near the lock had been broken. A curtain rod and curtain had been pulled down, broken glass was scattered in the room, some of which, together with a large footprint, was discovered on the bed. The back yard gate was open and the dog missing. Mr. and Mrs. Doss and their fourteen year old daughter Michele testified they did not know defendant and had never given him permission to enter their home. A clear fingerprint was found on the inside window sill which two police fingerprint experts testified was identical to that of defendant. There were other smudged prints on the sill, none of which were clearly identifiable. The defense presented no evidence.

On appeal defendant makes two contentions of error: (1) the court improperly instructed the jury as to the burden of proof, and (2) the State failed to make a submissible case.

■ We are asked to find error in Instruction No. 2 which is in pertinent part as follows:

"If, upon consideration of all the evidence, you have a reasonable doubt of the defendant's guilt, you should acquit; *but a doubt to authorize an acquittal on that ground ought to be a substantial doubt touching the defendant's guilt, and not a mere possibility of the defendant's innocence.*" (emphasis ours)

It is the emphasized phrase which defendant complains is prejudicially erroneous. He argues that this "definition" of reasonable doubt amounts to a comment on the evidence and lessens the burden of proof imposed on the prosecution quoting at length from the comments on reasonable doubt found in MAI–CR Comments. Defendant urges that the formulation for "explaining" or "defining" reasonable doubt which has been in use in this State for over a century, see *State v. Nueslein*, 25 Mo. 111, 124 (1857), adds nothing of value to the phrase it purports to clarify. See MAI–CR Comments, Reasonable Doubt. The case at bar was tried on May 16, 1973. MAI–CR became effective and those instructions promulgated under the rule are to be used following January 1, 1974. Though the questioned instruction is not included in MAI–CR, it was an approved statement of law at the time of trial. *State v. Scott*, 491 S.W.2d 514, 520[11] (Mo. banc 1973); *State v. Taylor*, 506 S.W.2d 94, 96[4] (Mo.App. 1974); *State v. Aikens*, 507 S.W.2d 386, 389[6] (Mo.1974); *State v. Parker*, 509 S.W.2d 67, 72[7] (Mo.1974). Point I is ruled against defendant.

■ Defendant next contends the evidence was insufficient to make a submissible case. This point, as developed in the argument section of defendant's brief, relates only to the sufficiency of the fingerprint evidence to show identity; accordingly, only that issue will be considered. *Bopp v. Spainhower*, 519 S.W.2d 281, 286 (Mo. banc 1975). We review the pertinent evidence in the light most favorable to the State, considering as true all evidence (whether circumstantial or direct) and reasonable inferences favorable to the State. We must disregard all unfavorable evidence

and inferences not supportive of the verdict and judgment of the court. *State v. Brunson,* 516 S.W.2d 799, 801[2] (Mo.App.1974); *State v. Chase,* 444 S.W.2d 398, 401[1] (Mo. banc 1969). Detective Carty, who had extensive training in detection and comparison of fingerprints, went to the Doss home on the night of the burglary and dusted the broken window and sill for prints. He found several smudges and one clear latent print on the inside window sill. It was he who personally took the defendant's fingerprints and testified there were more than thirteen points of identity or comparison between the two. In his opinion the fingerprints were identical. A large photograph of both prints with similar points mapped was admitted in evidence and explained to the jury.

Robert Young, a fingerprint expert with the St. Louis County Police Department, also testified that the print taken from the sill and that of defendant were identical. As previously mentioned, each member of the Doss family that testified said they did not know defendant and had never given him permission to enter their home.

■ Where the evidence of defendant's agency in connection with the crime charged is entirely circumstantial, the evidence "must not only be consistent with each other and with the hypothesis of defendant's guilt, but they must also be inconsistent and irreconcilable with his innocence and must point so clearly and satisfactorily to his guilt as to exclude every reasonable hypothesis of innocence." *State v. Allen,* 420 S.W.2d 330, 333[1] (Mo.1967); *State v. Brunson,* 516 S.W.2d 799, 803[6] (Mo.App.1974). "Ordinarily evidence of a single, isolated fact, however incriminating, is not sufficient to support a conviction." *State v. Allen, supra,* 420 S.W.2d at 333[2]. Notwithstanding this general principle, Missouri courts have consistently held that proof of fingerprints found at the scene of a crime "under such circumstances that they could only have been impressed at the time the crime was committed, correspond to those of the accused, may be sufficient

proof of identity to sustain a conviction." *State v. Allen, supra* at 333[3]. In *State v. Lane,* 497 S.W.2d 207, 209–210[3] (Mo.App. 1973), the prints of the left forefinger and thumb of the defendant on a piece of glass removed at the time of the burglary was held to be sufficient to sustain a conviction of Second Degree Burglary. In *State v. Schleicher,* 442 S.W.2d 19, 21[3] (Mo.1969), the victims locked and left their home at two p. m., returning about six hours later to discover the burglary. Two fingerprints lifted from a plastic jewelry tray in the bedroom of a burglarized home were held sufficient to make a submissible case. In *State v. Gray,* 504 S.W.2d 825, 826[2] (Mo. App.1974), fingerprints found on the broken windows and door of a church coupled with testimony that the defendant was not a member of the congregation and had no reason to have been in the burglarized part of the building, were held sufficient to support the guilty verdict. There, as here, the State presented evidence of "forcible exterior and interior breakage."

■ Where there is positive testimony of two fingerprint experts that the print lifted from the scene of the crime was identical to defendant's, and the evidence shows the burglary occurred within a clearly defined three and one-half to four hour period, and the presence of defendant's fingerprint on the window sill of the broken window is unexplained, we cannot say that the fact that there was only one print instead of two made the evidence insufficient to support a verdict of guilty.

Judgment affirmed.

WEIER, P. J., and DOWD, J., concur.