STATE of Missouri, Plaintiff-Respondent,

v.

Richard BELLEVILLE, Defendant-Appellant.

No. 36121.

Missouri Court of Appeals, St. Louis District, Division One.

Oct. 14, 1975.

Motion for Rehearing or Transfer Denied Nov. 19, 1975.

Application to Transfer Denied Jan. 12, 1976.

Charles D. Kitchin, Public Defender, James C. Jones, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, Charles B. Blackmar, Spec. Asst. Atty. Gen., Clayton, for plaintiff-respondent.

DOWD, Judge.

A jury found defendant guilty of robbery in the first degree and assessed his punishment at 25 years imprisonment. § 560.120 RSMo 1969. The trial judge reduced the punishment to 20 years, because at the time of trial defendant was serving a sentence for burglary in Illinois. Defendant appeals.

The sufficiency of the evidence is not challenged and from the evidence presented, the jury could have reasonably found the following facts: In the early afternoon of March 27, 1973, an 83-year-old woman was robbed of her purse as she walked along a south St. Louis sidewalk. The defendant pushed her from behind, knocked her to the sidewalk, and then grabbed her purse and ran. The woman was seriously injured, suffering a fractured hip and wrist, and injuries to her spine. The woman could not identify the defendant, but a doctor who was driving by the scene saw the defendant grab the purse and flee. The doctor followed the defendant in his auto as the defendant, "running like a deer," raced about 50–75 feet along the sidewalk and then jumped into a waiting automobile. The doctor got a further look at the defendant when the defendant turned around in the front seat of the auto and looked at him. The doctor identified defendant as the robber the next day when shown a group of photographs, and positively identified the defendant as the robber at trial. The doctor gave the license number of the getaway auto to the police, who contacted the owner the same afternoon. The owner had lent his auto to defendant's girlfriend that day.

The girlfriend said she was driving defendant around that afternoon and was in the area of the robbery. The girlfriend further related that after a quarrel defendant left the auto and told her to go on. She drove about a block, and then decided to wait for defendant. Soon defendant got back into the auto and told her to drive on. Defendant had a woman's purse with him, which he opened and then threw out the window of the auto. Defendant's girlfriend thought it was unusual for him to have a woman's purse, but she did not ask defendant where he got it. She then drove defendant to the bus station.

Defendant testified that he did not steal the purse; he was not even sure he was in St. Louis on that day; and, he believed his girlfriend was lying because she was angry with him for breaking up with her.

■ Defendant raises two issues on appeal. We find the first point is not reviewable because it was neither objected to at trial nor raised in the motion for new trial. The first point is: "The trial court erred in permitting Wilbert Dauphin [owner of the getaway auto] to testify as to statements he made to police officers during the course of their investigation, because such testimony was hearsay."

During the testimony of the prosecution's rebuttal witness, Mr. Dauphin, the owner of the getaway car, the following exchange occurred:

"PROSECUTOR: Before you saw your car—in other words, when the police first contacted you or when they contacted you in person and took you home, did you have some conversation with them on either of those two times?

"A: Yes, sir.

"Q: And did they describe to you any occurrence that your automobile allegedly was involved in?

"DEFENSE COUNSEL: I object to that, Your Honor. It is calling for hearsay.

"PROSECUTOR: Let's approach the bench, Your Honor.

"THE COURT: This is notice of an event and more in the nature of a fact than hearsay. I'll overrule the objection."

No further objection was made during this witness's testimony. Paragraph five of defendant's motion for a new trial repeated this objection: "The Court erred in allowing witness Wilbert Dauphin to testify, over objection of the defendant, as to what the police officers had told him when they came to his home for the reason that said testimony was hearsay."

Thus defendant's hearsay objection at trial and as repeated in his motion for new trial clearly was to the admissibility of *what the police officers had told the witness Dauphin.* However, defendant contends in his brief here that it was hearsay and error to permit William Dauphin to testify as to statements he made to the police during the investigation. This contention was not raised in his motion for a new trial and was raised for the first time in his brief on appeal.

1. Likewise, any contention of error set out in defendant's motion for new trial that is not briefed in the appellate court is considered abandoned. *Metter v. Janssen,* 498

Any claim of error not assigned in a motion for a new trial in a criminal case is not preserved for appellate review. *State v. Bowens,* 476 S.W.2d 495[5] (Mo.1972); *State v. Henderson,* 510 S.W.2d 813[12] (Mo. App.1974).[1]

Defendant's second contention is: "The state's definition of 'beyond a reasonable doubt' as a 'substantial doubt' erroneously stated the law of this State to the jury." The prosecutor's argument complained of is as follows:

"PROSECUTOR: . . . At this point the Court has read to you the instructions of the law, which you will be given to take those instructions down with you and you will have an opportunity to read them. At this time both attorneys, as the Court indicated, has an opportunity to argue the case to you according to the instructions. The argument of the attorneys is to aid you in deciding the case by applying the law to the facts that you have heard, the testimony that you have heard in the last day. Now, we have talked before about how the State has a burden of proof and that proof must be guilty beyond a reasonable doubt. At this time it can be explained to you as a jury what reasonable doubt is. Reasonable doubt is defined by the law in the State of Missouri . . .

"DEFENSE COUNSEL: I object to this argument, Your Honor, as not being proper argument. The Court has instructed the jury on the law in this case.

"THE COURT: Overruled.

"PROSECUTOR: (Continuing) . . . reasonable doubt, under the law of the State of Missouri, has been defined as not merely the possibility of innocence, but as a substantial doubt touching upon the defendant's guilt. That's

S.W.2d 581, 583[1] (Mo.App.1973), *cert. denied,* 414 U.S. 1115, 94 S.Ct. 848, 38 L.Ed.2d 742 (1973).

what reasonable doubt is under the law of Missouri. You will not find that definition in those instructions, but that is the law in this state. Now, it is for you to decide whether or not there is a reasonable doubt in this case; whether or not the State has brought you sufficient evidence to prove this particular defendant guilty. All right. Let's look at what he is charged with. He is charged with a crime of Robbery in the First Degree. You have to decide whether or not the crime took place, what type of crime it was, and who was the person that committed that crime . . ."

We believe the prosecutor's definition of reasonable doubt was improper argument here.

Under the burden of proof instruction (MAI CR 2.20) the court is required to instruct the jury that the defendant is presumed to be innocent and that this presumption places on the state the burden of proving beyond a reasonable doubt that the defendant is guilty. In the Notes on Use under this instruction the court may not further define reasonable doubt. Therefore, we believe it is improper for counsel to orally instruct the jury as he did here as to the legal definition of reasonable doubt.

Although the prosecutor's argument was improper, we cannot say here as a matter of law that a jury of reasonably intelligent men and women were confused and misled by the reasonable doubt definition in returning their verdict against this defendant.[2] First, the prosecutor's definition of reasonable doubt was only one sentence long and not unduly dwelt on. The prosecutor then properly discussed reasonable doubt in relation to the evidence in the case. Secondly, this case furnished strong evidence of defendant's guilt.

■■ One of the guidelines in determining whether we are to reverse a criminal conviction where there is error is: "Error which in a close case might call for reversal may be disregarded when the evidence of guilt is strong." *State v. DeGraffenreid,* 477 S.W.2d 57[15] (Mo. banc 1972). Likewise, only prejudicial error is reversible error. *State v. Gibson,* 502 S.W.2d 310[2] (Mo.1973).

The record clearly demonstrates that this is not a close case and the evidence of defendant's guilt is strong. The doctor saw defendant commit the robbery and run from the scene with the victim's purse. The doctor later identified defendant as the robber at the trial. The doctor's testimony was corroborated by the defendant's girlfriend, who saw defendant leave her auto near the scene of the crime and then later return with a woman's purse.

After careful consideration of the record in this case, we hold that the prosecutor's improper argument complained of did not result in the deprivation of the defendant's substantial rights or a fair trial.

The judgment is affirmed.

WEIER, P. J., and RENDLEN, J., concur.

**2.** This definition was part of the burden of proof instruction that had been used and approved by Missouri Courts since 1857. *State v. Yarbrough,* 506 S.W.2d 90 (Mo.App. 1974); *State v. Taylor,* 506 S.W.2d 94 (Mo. App.1974).

As noted in the body of the opinion, since the effective date of MAI–CR (January 1, 1974), this definition must not be given by the court.