STATE of Missouri, Respondent,

v.

Larry HARPER, Appellant.

No. 10445.

Missouri Court of Appeals, Springfield District.

July 12, 1977.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Jay P. Cummings, Springfield, for appellant.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

TITUS, Judge.

Tried under the habitual criminal law, defendant was jury-convicted of second degree burglary and stealing and court-sentenced to consecutive terms of imprisonment of six and four years.

The points relied on, while composed with some indifference to the requirements of Rule 84.04(d), V.A.M.R., will, nevertheless, be considered upon merits where deserving.

## I

During voir dire examination of the jury panel, the prosecutor asked the array a question to which defendant objected. The court promptly sustained the objection and properly explained the reason therefor. Defendant did not ask for a mistrial but now says the court erred in not declaring a mistrial sua sponte. As defendant appeared content with the bestowal of the only relief requested, the matter is not available as a viable point on appeal and precludes the conclusion that the trial court's failure to declare a mistrial ex mero motu affords any basis for a new trial. *State v. Jackson*, 511 S.W.2d 771, 775[4] (Mo.1974); *State v. Crider*, 419 S.W.2d 13, 15[6] (Mo.1967); *State v. Drake*, 514 S.W.2d 653, 655[1] (Mo.App.1974).

## II

In closing argument the prosecuting attorney referred to the inability of the state's witnesses "to remember for sure the dates" without consulting "the papers" whereas the defendant's witnesses "could remember those particular dates" without apparent research. He then concluded, "No one can remember the exact dates that long ago unless they have rehearsed it and gotten together on it ahead of time." Defendant's counsel: "If it please the Court, I will object to that last statement of the prosecutor. The Court: This is argument. The jury understands this is argument and the jury can weigh it for whatever value it might be."

Defendant now claims there was no evidence to support an argument anent rehearsal of testimony and that such a statement "tended to inflame and prejudice

the jury regarding the testimony of defense witnesses." This point is not for review. The objection was general and did not advise the court why the argument was claimed to be improper. *State v. Underwood*, 530 S.W.2d 261, 264 (Mo.App.1975). To preserve an overruled objection for appellate consideration, the objection made to the trial court must be the same or substantially the same as that set forth in the motion for new trial and that relied on in the brief on appeal. *State v. Jones*, 515 S.W.2d 504, 506[3, 4] (Mo.1974). In addition, a prosecutor is afforded wide latitude in arguing on the credibility of defendant's witnesses and the truth or falsity of their testimony from the state's point of view [*State v. Griggs*, 445 S.W.2d 633, 636[2] (Mo.1969)], and because, in the first instance, the control of arguments is a trial court function, appellate courts seldom display a propensity for examining complaints not properly brought to the trial court's attention. *State v. Henderson*, 530 S.W.2d 382, 384 (Mo.App.1975).

### III

■ Amid the course of closing argument and in commenting upon the alleged disparity between the testimony of defendant's various alibi witnesses, the prosecutor inquired of the jury: "What is the first word that comes to your mind when you hear the word alibi?" This was followed by the rhetorical question: "Isn't it lie?" Defendant made no objection. While admitting any complaint to this oratory was not preserved for review [*State v. Morgan*, 444 S.W.2d 490, 494[6] (Mo.1969)], defendant urges the averred error should be treated as a plain error falling within the provisions of Rule 27.20(c), V.A.M.R.

Invocation of the plain error rule is done on a case by case basis and not in every case where it is claimed for the first time on appeal. *State v. Wendell*, 542 S.W.2d 339, 343[12] (Mo.App.1976). Finding error alone is not enough [*State v. Watts*, 515 S.W.2d 854, 856[2] (Mo.App.1974)] because before the rule will be applied, there must be a

sound, substantial manifestation and a strong, clear showing that injustice or a miscarriage of justice will otherwise result. *State v. Caffey*, 457 S.W.2d 657, 660[4] (Mo. 1970). Out-of-context extractions oft present portraits of portentous proportions and appear to be more prejudicial to a defendant than when seen in the total light of the overall evidence and argument. *State v. Henderson*, supra, 530 S.W.2d at 385. That of which defendant now complains, does not appear to be error, plain or otherwise, when viewed in the entirety. The state's complained-of questions were prefaced and followed by a critique of what the prosecutor asseverated to be inconsistencies in the testimony of defendant's alibi witnesses. For him to verbally perceive the testimony to constitute lies, does not render his mouthings plain error. Cf. *State v. Jackson*, supra, 511 S.W.2d at 775[7]; *State v. Lay*, 427 S.W.2d 394, 403[9] (Mo.1968); *State v. Henderson*, supra, 530 S.W.2d at 384[3].

### IV, V and VI

In three of his next to last points, defendant lifts out of context from ten pages of the transcript eight statements made by the prosecutor and claims they constitute reversible error. The statements are: (1) "I am very sorry this burglary did not happen in front of a bunch of witnesses. But you know, that's the way a successful burglar operates." (2) "Yes, you brand him a criminal, but what you do here today will be remembered  . . . ." (3) "The deterrant effect you have on the criminal element in our society cannot be underestimated." (4) "This is your community. If you want to let this man loose, then do so." (5) Regarding circumstantial evidence— "Recent possession of stolen property has always been sufficient to convict a man in Missouri. All you have to do is look how recent it is." (6) "Burden of proof is not an impossible burden. Beyond a reasonable

doubt is not impossible. It is not beyond all doubt whatsoever." (7) "It [the burden of proof] is not beyond any unreasonable doubt, rather it is a very realistic burden." (8) "You heard from every witness in this case except one and that is your common sense, and it is a silent witness and it ought to be screaming out the truth to you right now."

■ Defendant did not object to statements (2), (3) and (4), and in absence of objection to the argument of the prosecutor when it was made, the alleged prejudicial arguments were not preserved for review. *State v. Carter*, 478 S.W.2d 358, 361[4] (Mo. 1972); *State v. Savage*, 522 S.W.2d 144, 146[1] (Mo.App.1975). The only objection made to statements (1) and (8) were very general, e. g., "I will object to that last statement." Having only objected in a most general way, defendant cannot be heard to object on specific grounds not given the trial court. *State v. Jones*, supra, 515 S.W.2d at 506[4]; *State v. Lang*, 515 S.W.2d 507, 511 (Mo.1974). Moreover, if statements (1) through (4) were improper, they were isolated, nonrepetitive remarks which, standing alone, would not call for relief under the plain error rule. *State v. Crawford*, 539 S.W.2d 633, 637[9] (Mo.App. 1976).

■ As to (6) and (7): The Notes on Use under MAI–CR 2.20 prohibit a court's efforts to define reasonable doubt. In *State v. Belleville*, 530 S.W.2d 392, 395 (Mo. App.1975), it was held the prosecutor's definition of reasonable doubt was improper argument but not reversible error because, as here, his remarks were brief and he properly discussed reasonable doubt in relation to the evidence. We do not find error, plain or otherwise, in admission of the prosecutor's statements under the circumstances peculiar to this case [*State v. Sanders*, 541 S.W.2d 782, 784[1, 2] (Mo.App.1976)], but caution prosecutors that this ruling is not to be taken as an invitation for them to continue to skate on thin ice. Also as regards statement (8), the allusion to the "si-

lent witness" was specifically designated to be "your common sense" and did not constitute the prohibited "direct and certain reference to the defendant's failure to testify." *State v. Overall*, 519 S.W.2d 549, 550 (Mo. App.1975).

■ As to statement (5): As an inference of fact and not as a presumption or inference of law, evidence of a burglary (undisputed here) and defendant's unexplained possession of recently stolen property, permits an inference of guilt both as to burglary and stealing and is a sufficient basis upon which to submit the case to the jury and convict the defendant of both offenses. *State v. Miller*, 499 S.W.2d 496, 499[4] (Mo. 1973). Nonetheless, in explaining *State v. Swarens*, 294 Mo. 139, 241 S.W. 934 (banc 1922), our Supreme Court in *State v. Denison*, 352 Mo. 572, 583, 178 S.W.2d 449, 456– 457 (1944), pointed out that pronouncement of the rule to a jury was an unwarranted comment on the evidence, either via instruction or otherwise. In view of this and *State v. Belleville*, supra, 530 S.W.2d 392, it would appear that the prosecutor's argument relative to the just-quoted rule was improper. However, it is to be noted that defendant's objection to this isolated argument was that the prosecutor was arguing the law whereas, technically, the prosecutor made no reference to "the law" or to "a rule" but simply indicated that the recent possession of stolen goods was sufficient to convict a man or, in other words, permitted a factual inference of guilt. After considering the question at length, we believe no prejudice resulted to defendant from the prosecutor's scant reference to the subject. Cf. *State v. Van*, 543 S.W.2d 827, 830 (Mo. App.1976). To establish error on appeal, plain or otherwise, defendant has the burden of showing that the complained-of error resulted in prejudice, an unfair trial, miscarriage of justice or manifest injustice. *State v. Richards*, 536 S.W.2d 779, 788 (Mo. App.1976). We do not feel defendant has satisfied that burden.

## VII

At the trial defendant "objects to all instructions other than" those given at his request. In his motion for new trial, defendant's complaint as to instructions was that they "did not properly set out the elements of the offense instructed upon and . . . that the same were confusing and misleading to the jury . . . [and] were not an accurate and precise statement of the law and were ambiguous and misleading, and when . . . considered and taken together . . . were midleading [sic] and confusing to the jury." On appeal defendant says "The Court erred in reading Instruction No. 4, MAI–CR 7.34, Modified, before reading to the jury Instruction No. 5, MAI–CR 7.22, Modified." Not only is this point defective for failing to aver wherein and why it was error to read one instruction before the other, Rule 84.04(d), V.A.M.R., but it is obvious this complaint of the instructions was never made in the motion for new trial or otherwise. Objections to the instructions in the trial court were in nowise specific and specific objections thereto will not be entertained when raised for the first time on appeal. *State v. Grey*, 525 S.W.2d 367, 370[6] (Mo.App.1975); *State v. Jackson*, 519 S.W.2d 551, 559[21] (Mo.App.1975).

Augmenting the foregoing as required by Rules 28.02 and 28.08, V.A.M.R., we have examined and found the information to be in proper form and sufficient. Defendant stood trial on his plea of not guilty, the jury's verdict was properly structured and responsive to the issues, punishment assessed by the trial court was in accordance with the law and within the range provided by statute, allocution was afforded defendant, and the judgment entered was proper. No error appearing prejudicial to the defendant, the judgment is affirmed.