**STATE of Missouri,
Plaintiff-Respondent,**

v.

**William WILBON, Defendant-Appellant.**

No. 38042.

Missouri Court of Appeals,
St. Louis District,
Division 1.

Jan. 3, 1978.

Robert C. Babione, Public Defender, Henry Rieke, Asst. Public Defender, St. Louis, for defendant-appellant.

George A. Peach, Circuit Atty., Gary W. Brandt, Asst. Circuit Atty., St. Louis, John D. Ashcroft, Paul R. Otto, Jeffrey Schaeperkoetter, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his jury conviction of second degree murder and resultant 20 year sentence imposed under the Second Offender Act. We affirm.

Defendant's sole point on appeal deals with the state's closing argument, so only a brief statement of the facts is necessary. The evidence warranted a finding that defendant and three companions entered Sumner High School in St. Louis during school hours, started a fight with several young men in the school, and then while leaving began firing pistols, without provocation, resulting in the death of Stephen Goods. The defense evidence indicated that defendant and his companions withdrew from the fight and shot at the other group of young men only after that group had initiated the shooting.

On appeal defendant seeks reversal on the basis that the court erred in failing to strike the prosecution argument which allegedly improperly defined "reasonable doubt" and to instruct the jury to disregard such statement. Objection to the argument was sustained by the trial court and no other relief was sought. Defendant contends that it was plain error for the court

not to give further relief even though not requested.

The claimed improper argument is set forth in the margin.[1] In *State v. Belleville,* 530 S.W.2d 392 (Mo.App.1975) [4] we held it was improper for a prosecutor to define "reasonable doubt" in argument. This was based upon the Notes on Use under MAI-CR 2.20, which precludes the trial court from further defining that term. See also *State v. Sanders,* 539 S.W.2d 458 (Mo.App. 1976) [6]; *State v. Sanders,* 541 S.W.2d 782 (Mo.App.1976) [1, 2]. But, see *State v. Henderson,* 547 S.W.2d 141 (Mo.App.1976) which states that prohibition of such definition by the prosecution arises from general rules pertaining to arguments, not from MAI-CR.

It must, however, be recognized that none of the cases cited preclude a prosecutor from discussing "reasonable doubt" during his argument. Belleville, *supra,* involved an attempt by the prosecutor to specifically define for the jury the term under Missouri law. It is the judge's function to instruct on law, not counsel's. The comment in this case is not an attempted definition. It is simply an argument by counsel that every doubt is not a reasonable doubt. The law does not foreclose the prosecution from arguing the facts as they pertain to the court's instructions nor prevent pointing out to a jury that some slight doubt about some issue or fact is not necessarily a reasonable doubt. We find no error in the argument.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.

1. "Now, Ladies and Gentlemen, look at that physical evidence and you decide. Now, Mr. Rieke tell (sic) you reasonable doubt, *Ladies and Gentlemen, is any doubt about anything, and it's not. It's a serious question about one of the legal issues.*

MR. RIEKE:
I'm going to object to any explanation about reasonable doubt. The Court instructs them on that.
THE COURT:
Sustained.
MR. BRANDT:

I suggest to you, Ladies and Gentlemen, that it's a serious question about one of the issues
. . . .
MR. RIEKE:
Same objection, Your Honor, he's going back over it and saying the same thing.
THE COURT:
Sustained.
MR. BRANDT:
It's not a question about who was wearing that color shoes, who had on a blue or green jacket, that's not the question, Ladies and Gentlemen . . . .." (Emphasis supplied).