STATE of Missouri, Respondent,

v.

Sammie Lee MERRITT, Appellant.

No. 38626.

Missouri Court of Appeals,
St. Louis District,
Division One.

March 14, 1978.

**78**

Karl F. Lang, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Thomas M. Daly, Asst. Circuit Atty., St. Louis, for respondent.

McMILLIAN, Judge.

Appellant Sammie Lee Merritt appeals from a judgment of conviction entered by the circuit court of the City of St. Louis upon a jury verdict finding him guilty of stealing property having a value of at least fifty dollars. §§ 560.156, 560.161, RSMo 1969. Pursuant to § 556.280 RSMo 1969, the trial court sentenced appellant to four (4) years imprisonment. For reversal appellant contends that the trial court erred in failing to grant a mistrial when evidence of other crimes was put before the jury that did not come within any of the recognized exceptions. For the reasons discussed below, we find this point was not preserved for review and, accordingly, affirm the judgment.

No question is raised as to the sufficiency of the evidence; therefore, only evidence which is necessary for our decision will be given. On June 6, 1975, appellant was observed driving a truck from a garage carrying parts removed from a 1973 Pontiac owned by one Minnie Liddell. An inspection of the garage revealed that in addition to Mrs. Liddell's stripped Pontiac, there were two other stripped automobiles, a Lincoln Continental and a Buick Electra. Appellant was charged only with stealing parts from the Pontiac.

During direct examination, the prosecutor handed the police officer an exhibit which had been previously identified as a photograph of the 1973 Pontiac with the front end, wheels and tires removed. The prosecutor asked, "What do you see there, officer?" The officer replied, "I see three stripped automobiles that were later reported stolen." Defense counsel immediately approached the bench and asked that "the cars were reported stolen" be stricken as hearsay. In addition, defense counsel requested a mistrial. The trial court denied the mistrial; however, the trial court failed to rule on the motion to strike.

■■■ We note that defense counsel's objection at trial if it was in fact an objection, was to strike the police officer's testimony referring to the other two cars as stolen as hearsay. Appellant in his motion for a new trial and on appeal, however, argued that the trial court erred in overruling the motion for a mistrial because the testimony included evidence of other crimes. The hearsay objection made at trial in no way called the trial court's attention to this additional objection. Because appellant has advanced inconsistent theories to support his objection to the testimony, this point has not been preserved for review. ". . . To preserve an overruled objection for appellate consideration, the objection made to the trial court must be the same or substantially the same as that set forth in the motion for new trial and that relied on in the brief on appeal. . . ." *State v. Harper,* 553 S.W.2d 895, 897 (Mo.App.1977) citing *State v. Jones,* 515 S.W.2d 504, 506 (Mo.1974); see also *State v. Healey,* 562 S.W.2d 118 (Mo.App.1978); *State v. Sanders,* 539 S.W.2d 458, 464 (Mo.App.1976.)

Accordingly, judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.