STATE of Missouri,
Plaintiff-Respondent,

v.

Emilio DISANDRO, Defendant-Appellant.

No. 39953.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Oct. 24, 1978.

Christelle Adelman-Adler, Asst. Public Defender, 22nd Judicial Cir., St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GUNN, Judge.

Defendant Emilio Disandro appeals from a four-count conviction in the Circuit Court of the City of St. Louis for selling a Schedule I controlled substance—heroin. He claims that the trial court erred by overruling his objection to a prosecutorial comment that indirectly defined reasonable doubt in contravention to the Notes on Use for the burden of proof instruction, MAI–CR 2.20, and the well established rule in Missouri. He also cites as error the trial court's refus-

al to submit his instructions on entrapment to the jury. We affirm.

Defendant was arrested after selling heroin to an undercover detective on four separate occasions. The initial sale commenced after the detective, John Corrona, was introduced to the defendant by an informant. Corrona asked the defendant if he had a heroin connection and was informed that he had access to some "dime buttons." The defendant entered Corrona's car, and the two drove a short distance to Sarah and Olive Streets. After receiving $55.00 from Corrona, the defendant left the car and returned shortly with five pink capsules containing white powder. Corrona returned the defendant to his apartment and delivered the capsules to the narcotics division for analysis. Each of the subsequent sales proceeded in a similar manner and on each occasion the white powder was found to contain heroin.

■ Defendant first charges the court with reversible error when it overruled an objection to the comments of the prosecutor during voir dire:

[Prosecutor]: Now, as you were told, the State has a burden of proving Mr. DiSandro guilty. As he sits there now, he is presumed to be innocent and there isn't anybody here that quarrels with that premise of our law that a man is innocent until he's proven guilty, is there? I'm sure there is not. And the State has the burden of proving him guilty beyond a reasonable doubt. Is there anybody here that would require proof beyond any doubt as opposed to—

[Defendant's attorney]: I'll object to that.

THE COURT: What is the legal basis for your objection?

[Defendant's attorney]: He's defining the meaning of reasonable doubt.

THE COURT: I'll overrule the objection.

It is well established that ". . . it is not the prerogative of counsel to inform the jury as to the law." *State v. Henderson,* 547 S.W.2d 141, 143 (Mo.App.1976). *Accord, State v. Holzwarth,* 520 S.W.2d 17 (Mo. banc 1975); *State v. Smith,* 422 S.W.2d 50 (Mo. banc 1967); *State v. Van,* 543 S.W.2d 827 (Mo.App.1976). In this regard, there are numerous opinions which criticize overzealous prosecutors for attempting to define "reasonable doubt." See, e. g., *State v. Harper,* 553 S.W.2d 895 (Mo.App.1977); *State v. Henderson,* supra; *State v. Van,* supra; *State v. Sanders,* 539 S.W.2d 458 (Mo.App.1976); *State v. Belleville,* 530 S.W.2d 392 (Mo.App.1975). The decisions cited basically adopt the reasoning of Judge Dowd in *State v. Belleville,* supra, and conclude that Notes on Use under MAI–CR 2.20 prohibit the bar as well as the bench from elaborating upon the burden of proof with prejudice of error to be judicially determined.[1] But only indulgence in pure speculation would allow us to state that the prosecutor's unfinished question in this instance was intended to define reasonable doubt rather than discuss it. In either event, we find no ground for reversible error. Only prejudicial error is reversible error, *State v. Gibson,* 502 S.W.2d 310 (Mo. 1973); *State v. Belleville,* supra. We cannot find that defendant was in anyway prejudiced as the result of the incomplete, unrepeated query. *State v. Belleville,* supra.

■ Defendant's second contention of error is that the trial court improperly refused to submit an instruction on entrapment to the jury. Only when substantial evidence of entrapment has been estab-

---

1. Note (c) of MAI–CR 2.20 states:

No other instruction may be given elaborating further upon or attempting to define the presumption of innocence or reasonable doubt. In a more recent opinion, however, this court recognized that while the cases cited preclude a prosecutor from defining reasonable doubt, none forecloses a discussion of reasonable doubt during an argument. *State v. Wilbon,* 561 S.W.2d 133 (Mo.App.1978).

The comment in this case is not an attempted definition. It is simply an argument by counsel that every doubt is not a reasonable doubt. The law does not foreclose the prosecution from arguing the facts as they pertain to the court's instructions nor prevent pointing out to [the] jury that some slight doubt about some issue or fact is not necessarily a reasonable doubt. We find no error in the argument. Id. at 134.

lished does the entrapment issue become an element of the offense upon which the Court must instruct as part of the law of the case. *State v. Devine,* 554 S.W.2d 442 (Mo.App.1977); *State v. Weinzerl,* 495 S.W.2d 137 (Mo.App.1973). The record reveals no evidence that the defendant was enticed to commit a crime; that he was prompted by an offer of reward; that he was threatened; or that he was in some other way induced to do that for which he had no predisposition.[2] As declared first by the Supreme Court of Missouri in *State v. Decker,* 321 Mo. 1163, 14 S.W.2d 617 (1929):

> Where the criminal intent originates in the mind of the defendant on trial, and the offense is accomplished, it constitutes no defense that an opportunity is furnished, or that an officer aids the accused in the commission of the crime, in order to obtain evidence upon which to prosecute him. *Id.,* 14 S.W.2d at 619–20.

Disandro evinced no reluctance to provide Detective Corrona with heroin. At most, there has been a mere showing of solicitation by a governmental agent, which does not raise the issue of entrapment. *State v. Long,* 550 S.W.2d 854 (Mo.App.1977). He merely took advantage of an opportunity presented by the police. Hence, no issue of entrapment was presented and no instruction was required. *State v. Long,* supra; *State v. Admire,* 495 S.W.2d 132 (Mo.App. 1973).

Affirmed.

REINHARD, P. J., and CLEMENS, J., concur.

---

**2.** *State v. Devine,* supra; *State v. Weinzerl,* supra; and *State v. Long,* 550 S.W.2d 854 (Mo.

App.1977), each contains a substantial treatment of the law regarding entrapment.