STATE of Missouri, Respondent,

v.

Herbert BURNFIN, Appellant.

No. 61778.

Supreme Court of Missouri,
Division No. II.

Oct. 15, 1980.

Rehearing Denied Nov. 12, 1980.

Clifford A. Cohen, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jan Bond, Asst. Atty. Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Commissioner.

Herbert Burnfin was found guilty by a jury of murder in the first degree in violation of § 559.010 RSMo 1969, now repealed, and was sentenced to life imprisonment.

He has appealed from the ensuing judgment. For earlier proceedings pertaining to this case, see *State v. Burnfin*, 560 S.W.2d 283 (Mo.App.1977); *State v. Burnfin*, 578 S.W.2d 360 (Mo.App.1979).

There is no challenge to the sufficiency of the evidence. For the purposes of this appeal it is sufficient to state that a jury reasonably could find from the evidence that appellant shot and killed Larry Scott.

Appellant first asserts the trial court erred in admitting into evidence over his objection State's Exhibit No. 11, a photograph of the murder victim, showing three gunshot wounds to his chest, "because whatever probative value the photograph may have had was outweighed by its prejudicial effect to appellant in that it was gruesome and thus tended to inflame the passions of the jury."

The State offered in evidence seven photographs in which the body or parts of the body, of the deceased appeared. Three were admitted without objection. The trial court sustained appellant's objection to three of the photographs, but it overruled his objection to Exhibit No. 11. In doing so the court commented: "State's Exhibit 11 shows the upper left portion of the chest and shoulder area of the victim and a portion of the lower and left side of his face, or more particularly his jaw and the outside of his mouth. It does not even show his left eye in the photograph; but more in particular, it shows three puncture wounds to the left side of the chest. And the Court believes that that has probative value here in this case. In considering all of the matters, you have shown me [the court] the picture, and the Court does not believe it is unduly inflammatory and will not prejudice the defendant in this case."

■ The trial court is afforded broad discretion in determining the admissibility of demonstrative evidence, such as a photograph, and the admission of such evidence is error only upon a showing of an abuse of discretion. *State v. Holtkamp*, 588 S.W.2d 183 (Mo.App.1979); *State v. Mattingly*, 573 S.W.2d 372 (Mo.App.1978); *State v. Love*, 546 S.W.2d 441, 452 (Mo.App.1976). A photograph, generally speaking, is superior to words as a means of description, *State v. Blair*, 531 S.W.2d 755 (Mo.App.1975), and it should not be rejected because by presenting an accurate portrayal it tends to be inflammatory. *State v. Swenson*, 551 S.W.2d 917 (Mo.App.1977); *State v. Clark*, 494 S.W.2d 26 (Mo.1973).

Appellant entered a plea of not guilty, and the State therefore had the burden of convincing the jury beyond a reasonable doubt as to each and every element of the charged offense, *State v. Mullen*, 528 S.W.2d 517 (Mo.App.1975), which in this case included the fact that Larry Scott died as the result of gunshot wounds inflicted by appellant. *State v. Love*, supra. In addition, the State also had the burden to prove the requisite premeditation and malice to constitute first degree murder. *State v. Morris*, 564 S.W.2d 303 (Mo.App.1978); *State v. Dodson*, 556 S.W.2d 938 (Mo.App. 1977). Demonstrative evidence which tends to establish any fact in issue or throw light on the controversy and aid the jury in arriving at a correct verdict is admissible.

■ We have viewed the photograph. It is not any more gruesome than any photograph would be which accurately showed a portion of the body of a person who had died as the result of three gunshot wounds to the chest. See *State v. Jones*, 515 S.W.2d 504, 506 (Mo.1974). The photograph corroborated, and enabled the jury to better understand the testimony of the doctor who performed the autopsy and who testified as to the cause of death. See *State v. Crow*, 486 S.W.2d 248, 256 (Mo.1972). Also, the photograph was relevant to show that in shooting Larry Scott three times appellant acted with the requisite deliberation and malice. *State v. Morris*, supra. Insofar as Exhibit No. 11 tends to be shocking or gruesome it is because the crime is one of that sort. *State v. Duisen*, 428 S.W.2d 169 (Mo. banc 1967). We find no abuse of discretion in the admission into evidence of the photograph.

Appellant's remaining point is that "the trial court erred, or in the alternative plain-

ly erred, resulting in manifest injustice to appellant, in permitting the prosecuting attorney to state * * * that 'if you think he did it and if that thought is reasonable, we have proved him guilty.'" He asserts that the statement was improper because it was a definition of reasonable doubt.

We shall attempt to place the statement in its proper context. The prosecutor began his closing argument by quoting the verdict directing instruction submitting murder in the first degree. In that instruction the jury was told that it had to find the facts submitted "beyond a reasonable doubt." He reviewed the State's evidence and then commented on appellant's evidence. He did not profess to be defining reasonable doubt, but he made the following statement:

"Oh, don't tell me that we didn't prove it. Don't say, 'Oh, Mr. Humphrey, we think he did it but you didn't prove it.' If you think he did it and if that thought is reasonable, we have proved him guilty, because you said when you took this witness box, we have no prejudice, we have no preconvictions. Right now, he's an innocent man. And if you have the thought, after hearing this evidence, that he's guilty and that thought is reasonable, we have proved him guilty, haven't we? What else would cause you to think that way but the evidence."

■ No objection was made to this statement, but appellant now contends that it constituted "a definition of reasonable doubt," and he urges that we review it as plain error. *State v. Brown*, 528 S.W.2d 503 (Mo.App.1975); *State v. Sanders*, 541 S.W.2d 782 (Mo.App.1976). To warrant relief as plain error the erroneous statement must have resulted in "manifest injustice or miscarriage of justice." Rule 29.12.

In *State v. Belleville*, 530 S.W.2d 392 (Mo.App.1975) it was stated that the prohibition found in the Notes on Use under MAI–CR2d 2.20 that no instruction other than the one there set forth may be given elaborating further upon or attempting to define reasonable doubt applied to argument of counsel. Without specifically so ruling, we shall assume the prohibition does apply to argument by counsel. But, see *State v. Henderson*, 547 S.W.2d 141, 144 (Mo.App.1976). We find some difficulty in determining precisely what the prosecuting attorney meant by the quoted argument, but we shall assume that it was improper as elaborating further upon or attempting to define reasonable doubt. However, by its instructions the court told the jury that it was "the Court's duty * * * to instruct * * * upon the law applicable to the case," and that it was the jury's duty "to follow the law as the Court gives it to you." The court gave the jury the approved instruction on reasonable doubt, MAI–CR2d 2.20. It was also told that the arguments of counsel did not constitute evidence, and that in their deliberations the jury should "be governed" by the evidence as they remembered it "and by the law as given in these instructions."

■ Assuming, as we have done, that the prosecutor's statement was improper, in view of the instructions that were given by the court, we cannot say as a matter of law that a jury composed of reasonably intelligent persons were confused or misled by the argumentative statement of the prosecutor so as to result in manifest injustice or a miscarriage of justice. See *State v. Belleville*, supra; *State v. Harper*, 553 S.W.2d 895 (Mo.App.1977); *State v. Sanders*, supra.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.