Billy EATON, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 24468.

Missouri Court of Appeals,
Southern District,
Division Two.

May 29, 2002.

Mark A. Grothoff, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joel A. Block, Asst. Atty. Gen., Jefferson City, for Respondent.

JOHN E. PARRISH, Judge.

Billy Eaton (movant) was convicted as a persistent offender for driving while intoxi-

cated. § 577.010, RSMo 1994, and § 577.023.1(2) and .3, RSMo Cum.Supp. 1998. He was sentenced to pay a fine in the amount of $5000 and to imprisonment for a term of seven years. Movant appealed the judgment of conviction in his criminal case. It was affirmed. Movant then filed a pro se motion for post-conviction relief as permitted by Rule 29.15. Counsel was appointed and an amended motion filed. That motion was denied. Movant appeals the judgment denying the motion. This court affirms.

Movant's allegation of error is directed to the motion court's assessment that movant's trial counsel was not ineffective in failing to object to portions of the state's closing argument at movant's criminal trial. During the opening part of the state's closing argument, the prosecuting attorney stated:

*Ladies and gentlemen of the jury, the State has a burden here of proving beyond a reasonable doubt and the instruction indicates it is a doubt, based upon reason and common sense, after careful and impartial consideration.*

Now, I am going to sit down here real quick and let [movant's trial attorney] make his argument, but I am going to be back. *And I am going to talk to you a little bit more about common sense, common sense,* because I am going to be coming back *and I am going to ask you to go in that jury room and find that defendant guilty of driving while intoxicated.*

During the state's rebuttal argument, the prosecuting attorney told the jury:

Ladies and gentlemen of the jury, before I look at these instructions, and I just can't tell you enough, I mean, *what is reasonable doubt?*

*A reasonable doubt is a doubt, based upon reason and common sense, after careful and impartial consideration of all of the evidence in the case.*

*Now, consider the evidence in the case. Don't check your common sense out here when you go back there to deliberate.* Remember the evidence that was presented to you.

The italicized portion of the prosecuting attorney's argument is the language about which movant complains.

Movant asserted in his Rule 29.15 motion that his trial counsel was ineffective in not objecting to these portions of the state's closing argument because the remarks were improper definitions of "reasonable doubt." Paragraph 8(b) of the amended motion asserted, "Trial counsel failed to object to the prosecution's definition of reasonable doubt in closing arguments." In support of his claim, movant argued:

Reasonable doubt is defined for the jury in MAI CR 302.04 and "precludes both court and counsel from defining or elaborating upon the instruction." *State v. Williams,* 659 S.W.2d 778, 781 (Mo.banc 1983). Defining reasonable doubt in closing argument is improper and counsel "cannot undertake to define reasonable doubt in wholly erroneous terms, even where evidence of guilt is strong." *Id[.]* at 781. The state's remarks in this case are not unlike the arguments of the state in *Williams* where the Supreme Court found reversible error. In that case, the state argued as follows:

It is not beyond a shadow of a doubt. It is beyond reason and common sense. And, I told you that you don't have to leave your common sense outside when you walk in the jury room ... look at the way [the witnesses] told the stories and then use your common sense ...

*Id.*

The Court held that counsel, in effect, characterized the burden of proof as beyond common sense. *Id[.]* at 782. Beyond common sense is a much lower burden of proof. The state's arguments in the case at bar used language which was substantially similar to the language used in *Williams,* and it had the same effect of mischaracterizing the burden of proof.

Because trial counsel failed to object to the state's characterization of the burden of proof as common sense, the jury was left with an improper standard to find guilt. Movant was thereby prejudiced and had the jury been advised of the proper burden of proof—*beyond* a reasonable doubt, not beyond common sense—a reasonable probability exists that the outcome at trial would have been different. Further, by failing to object he did not preserve this issue for appeal and a reasonable probability exists that the appellate court would have found reversible error.

The motion court concluded with respect to this issue:

Also, in paragraph 8(b) of his Amended PCR Motion [movant] claims [his trial counsel] failed to object to the Prosecutor's definition of reasonable doubt in the state's closing argument. [Reference to trial transcript omitted.]

Asking the jury to not "check your common sense out here when you go to deliberate" *is not* a definition of reasonable doubt. It is akin to the third paragraph of MAI–CR 3rd 302.06 where the jury is told it is their duty to render such verdict under the law and evidence as in your *reason* and conscience is just.

It is an entirely permissible statement.

When ascertaining the meaning of particular words, it is necessary to consider those words in the context of the statement in which they were made, i.e., the relevant attending circumstances in which they were made. *See State v. Leisure,* 749 S.W.2d 366, 373–74 (Mo. banc 1988), *cert. denied,* 506 U.S. 923, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992) (considering words used by prosecuting attorney during voir dire in context and circumstances in which they were heard); *Henry v. Halliburton,* 690 S.W.2d 775, 789–790 (Mo. banc 1985) (determining if certain words constituted a declarant's statement or opinion); *State v. Engleman,* 634 S.W.2d 466, 474 (Mo.1982) (determining if prospective juror's remarks, on the basis of their entire examination, disclosed prejudice); *Morton v. Hearst Corp.,* 779 S.W.2d 268, 271–72 (Mo. App.1989) (determining if a statement was defamatory); *State v. Patterson,* 516 S.W.2d 571, 574 (Mo.App.1974) (considering words in the context in which they appeared in a defendant's statement).

The definition of reasonable doubt was given to the jury in movant's criminal case by means of Instruction No. 4, patterned after MAI–CR 3d. The instruction states:

The charge of any offense is not evidence, and it creates no inference that any offense was committed or that the defendant is guilty of an offense.

The defendant is presumed to be innocent, unless and until, during your deliberations upon your verdict, you find him guilty. This presumption of innocence places upon the State the burden of proving beyond a reasonable doubt that the defendant is guilty.

*A reasonable doubt is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.*

*Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.* The law does not require proof that overcomes every

possible doubt. If, after your consideration of all the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you will find him guilty. If you are not so convinced, you must give him the benefit of the doubt and find him not guilty.

(Emphasis added.)

Movant relies on *State v. Williams, supra*, in his appeal, as he did in his argument before the motion court. *Williams* holds:

An attorney is free to discuss reasonable doubt during closing argument, *State v. Wilbon*, 561 S.W.2d 133 (Mo. App.1978); but he cannot attempt to define reasonable doubt, *State v. Belleville*, 530 S.W.2d 392 (Mo.App.1975). He may point out that every doubt is not reasonable doubt, *State v. Shelby*, 634 S.W.2d 481 (Mo.1982); but he cannot undertake to define reasonable doubt in wholly erroneous terms, even where evidence of guilt is strong, *State v. Jones*, [615 S.W.2d 416 (Mo.1981)].

659 S.W.2d at 781.

In *Williams* the prosecuting attorney told the jury that reasonable doubt was "not beyond any doubt whatsoever. It is not beyond a shadow of a doubt. It is beyond reason and common sense." *Id.* at 781. He added, "And, I told you that you don't have to leave your common sense outside when you walk into the jury room." *Id.* He continued, saying, "Look at what the stories are. Look at who's telling the stories and look at the way they told the stories and then use your common sense and if your common sense tells you—," at which time an objection was posed that "the instruction says to use a reasonable doubt and I will object to the characterization that we have been hearing." *Id.*

The objection was overruled, after which the prosecuting attorney told the jury:

If your common sense tells you that on the morning of July 14th there was sexual intercourse, it was without the consent of Dianna McDowell, and it was accomplished by force, instruction number five says that you will find the Defendant guilty. Look at that instruction and look at the evidence and come back with your verdict. That's all we ask.

*Id.*

*Williams* noted that when counsel's argument can be characterized as discussion of reasonable doubt rather than definition of reasonable doubt, cases had held there was no reversible error. *Id.* at 782, *citing State v. Overkamp*, 646 S.W.2d 733 (Mo. 1983); *State v. Fleming*, 577 S.W.2d 174 (Mo.App.1979); and *State v. Wilbon, supra*. *Williams* concluded, however, that the remarks the prosecuting attorney made amounted to a definition, saying:

He attempted to define "reasonable doubt," stating his conception of it twice in the negative and then overtly characterizing the standard as "beyond reason and common sense." He then directed the jurors simply to use their common sense. After a timely objection, overruled by the court, counsel then proceeded to tell the jurors that if their common sense told them that intercourse occurred, it was nonconsensual and forcible, and that therefore they must find the defendant guilty.

*Id. Williams* held that "the State's comments in closing were fatally impermissible." *Id.*

In *State v. Jones*, 615 S.W.2d 416 (Mo. 1981), a case cited in *Williams* for the proposition that brief remarks purporting to define "reasonable doubt," although improper, do not require reversal if counsel does not unduly dwell on the definition, the court found the prosecuting attorney went beyond what could be tolerated. *Jones* held the prosecutor went too far by "tell-

ing the jury that '... if you believe he did it and that belief is reasonable, he is guilty beyond a reasonable doubt.'" 615 S.W.2d at 420.

The argument in movant's criminal case did not go beyond the language of Instruction No. 4 in characterizing what would constitute reasonable doubt. The jury was not told, as occurred in *Williams,* that they could find movant guilty if they believed "beyond reason and common sense" that movant was guilty. In movant's criminal case, the prosecutor told the jurors not to "check your common sense back here" when they departed for deliberations. The request was nothing more than a statement, using language set out in Instruction No. 4, suggesting the evidence the jury heard supported a finding that movant was guilty.

Instruction No. 4 instructed the jury, "A reasonable doubt is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence...." The remarks of the prosecuting attorney sufficed as a discussion of reasonable doubt, not an erroneous definition of it.

An objection to the remarks of the prosecuting attorney regarding reasonable doubt would have been without merit. "[C]ounsel cannot be faulted for failing to make a meritless objection." *Olds v. State,* 891 S.W.2d 486, 490 (Mo.App.1994). The motion court's finding that the prosecuting attorney's statement was "entirely permissible" is not clearly erroneous. The judgment denying movant's Rule 29.15 motion is affirmed.

PREWITT and RAHMEYER, JJ., concur.