**Donald R. STEWART and Steven Stewart, Plaintiffs–Appellants,**

v.

**Kirk R. JONES and Janice M. Jones, and Spokane Highlands Water Co., Inc., a Missouri corporation, and Spokane Highlands Development, Inc., a Missouri corporation, Defendants–Respondents.**

No. 24822.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 24, 2002.

Stephen P. Seigel, Springfield, for Appellants.

James L. Bowles, Ozark, for Respondents.

JOHN E. PARRISH, Judge.

Donald R. Stewart (plaintiff) and Steven Stewart appeal a judgment that adopted a master's report that found against plaintiff and for Kirk R. Jones (defendant) in a breach of contract action. This court affirms in the appeal of plaintiff. The appeal of Steven Stewart is dismissed.[1]

This case was previously before this court. *See Stewart v. Jones,* 58 S.W.3d 926 (Mo.App.2001), (*Stewart I*). The claim that is the subject of this appeal is the first count of a two-count petition. *Stewart I* affirmed the part of an earlier judgment that disposed of Count II, an action that sought to set aside stock sales agreements and resignations of named plaintiffs as officers and members of the board of directors of Spokane Highlands Water Co., Inc., and Spokane Highlands Development, Inc. *Stewart I* reversed the part of the prior judgment that attempted to dispose of Count I. The case was remanded for further proceedings on Count I.

Count I of plaintiff's petition alleged plaintiff and his wife Norma Stewart entered into a contract with defendant with respect to "the development of Spokane Highlands Subdivision and the sale of real estate lots therein." Count I alleged plaintiff was entitled to receive "approximately $146,000.00" from defendant. Plaintiff sought judgment in Count I against defendant for that amount "plus sixty-five percent of the sale price of real estate lots sold from the date of the filing of [the] Petition through the trial date...."

Count I was "submitted to a Master under Missouri Supreme Court Rule 68." The master's report includes the following findings under the heading "Factual Background as to Count I":

Plaintiffs [sic] adduced evidence by way of its [sic] retained expert to define what he believed the profits due to Plaintiffs [sic] constitute. In contrast, the Defendants' [sic] expert had prepared and filed the income tax returns, both federal and state, for the corporation with information furnished by Plaintiff Donald Stewart. The difference between the approach taken by Plaintiffs' [sic] expert and the approach used by Defendants' [sic] expert was that Plaintiffs' [sic] expert's figures failed to take into account the land cost when he computed "profit". Defendants' [sic] expert did deduct land costs and testified that he had not been given any information showing a distribuible [sic] profit.

Under a heading denominated "Finding of Fact," the report states:

The testimony of defendant, and the corporate accountant appeared to be based on recall of actual events[.] Plaintiffs' [sic] version of the facts was sometimes non-responsive to the questions posed by Counsel and the Master. The testimony of Plaintiffs [sic] was, for example, a projection of what a particular

---

1. One notice of appeal was filed. It lists "Donald R. Stewart and Steven Stewart" as appellants. The judgment that is appealed, however, addresses only Count I of a two-count petition. Steven Stewart is not a party to that action; thus, the appeal purportedly taken by him is dismissed.

lot should have sold for according to initial calculations. In contrast, the evidence adduced by the present Defendant was based upon factual data from the actual sales price of particular lots. In short, the requirements for determining profit or loss for tax purposes, [sic] appear, in this case, to be far different than whether or not there are either corporate or partnership profits capable of being distributed.

Based on all of the evidence, this Master finds that all [sic] Plaintiffs [sic] should take nothing by way of Count I of Plaintiffs' [sic] Petition for Damages. Further, because of the genuine issues involved, it would be the recommendation of the Master to split the cost of proceedings equally amongst Plaintiffs [sic] and Defendants [sic].

*Stewart I* directed the trial court, on remand, to conduct a hearing on objections to the master's report and to take such further action with respect to the master's report as required "in the exercise of sound judicial discretion, to determine Count I."[2] 58 S.W.3d at 931. Following remand, a hearing was held on plaintiff's objections to the master's report. The trial court entered the following finding and judgment:

Upon consideration of the evidence heard on Plaintiff's objections to the Master's report, the Court does adopt the report of the Master.

Accordingly, it is hereby the judgment of this Court that the Plaintiff's [sic] take nothing by way of Count I of their Petition for damages and that judgment is herewith entered in favor of the Defendants [sic] and against the Plaintiffs [sic] on Count I.

The first point on appeal asserts the trial court erred in entering judgment on Count I for defendant, based on the master's report, because there was not substantial evidence to support the master's findings and those findings were against the weight of the evidence. Plaintiff argues the master's report erroneously found "that [plaintiff's expert] used projected rather than actual figures for lot sales in calculating monies due [plaintiff]."

■ The part of the master's report about which plaintiff complains appears to be the statements, "The testimony of Plaintiffs [sic] was, for example, a projection of what a particular lot should have sold for according to initial calculations. In contrast, the evidence adduced by the present Defendant was based upon factual data from the actual sales price of particular lots." Those statements must be considered in the context of the text in which they appear. *Eaton v. State*, 75 S.W.3d 370, 372 (Mo.App.2002). The statements must be considered within the relevant attending circumstances in which they were made. *Id.*

The master's report contrasts the evidence adduced by plaintiff's "retained expert" with evidence provided by defendant's expert. The report concludes that different approaches were used by the two experts; that "[t]he difference between the

---

**2.** *Stewart I* explained, "A master is required to prepare a report on the matters submitted to him or her. Rule 68.01(g)(1). The rule requires that the report be filed with the clerk of the court, together with a transcript of the proceedings the master conducted. *Id.* The clerk is required to mail notice to all parties of the filing of the master's report. *Id.* 'Any party within thirty days after being served with notice of the filing of the master's report may file written objections thereto and serve them upon the other parties.' Rule 68.01(g)(2)." 58 S.W.3d at 927, n. 1. Objections were filed to the master's report, but the trial court initially adopted the report without having held a hearing on the objections. *Id.* at 927–28.

approach taken by Plaintiffs' [sic] expert and the approach used by Defendants' [sic] expert was that Plaintiffs' [sic] expert's figures failed to take into account the land cost when he computed 'profit'. Defendants' [sic] expert did deduct land costs and testified that he had not been given any information showing a distributible [sic] profit."

The report compared the backgrounds of the two experts, pointing out that the expert who testified on behalf of defendant "had prepared and filed the income tax returns, both federal and state, for the corporation." It criticized the answers given by plaintiff's witnesses as "sometimes non-responsive to the questions posed by Counsel and the Master." It is in this context that this court considers the statements in the master's report about which plaintiff complains.

Defendant suggests that the master and, hence, the trial court based the decision with respect to Count I on the credibility of the testimony of the accountants who testified on behalf of the respective parties. Defendant argues:

> One accountant testified that there were no profits and, in fact, there was a loss. He is the accountant who handled everything, including the books, tax returns and everything for the development from its inception to the date that he testified. The other accountant, [plaintiff's] accountant, took figures given to him in writing and orally by [plaintiff] as to what they thought lots should sell for and what they thought the cost of sale and development of those lots should be. He used estimated costs as found by the master.

Evidence adduced at the hearing the master conducted supports defendant's argument. The accountant, James Samek, who testified on behalf of plaintiff stated in response to a question by the master that he did not attempt to determine the "basis" (i.e., the cost) to the partnership of any lots in determining distributable profits. Mr. Samek was then asked whether he had reflected those costs in any of his accounting. He answered, "There are some numbers on there that I was not able to determine what is included. There is a, for example, a number on these trial balances reserved for future development costs that we were never able to get the underlying information as to what is included in that." Mr. Samek was asked what his analysis of development costs included. He said it included costs that had been incurred "to date," plus estimated future costs his clients had provided.

■ This is a case tried before the court without a jury. As such, the standard of appellate review requires that the judgment be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *M.F.M. v. J.O.M.*, 889 S.W.2d 944, 950 (Mo.App. 1995). "In applying this standard, we invoke the rule of due deference, and view the evidence in the light most favorable to the judgment, disregarding all contrary evidence and permissible inferences, and accepting the trial court's determinations of credibility." *Id.*

■ There was substantial evidence to support the master's findings. The findings were not against the weight of the evidence.[3] The findings do not erroneous-

---

**3.** Plaintiff complains in the argument portion of his brief that because defendant put on no evidence at the hearing on plaintiff's objections to the master's report, the evidence does

not support the trial court's adoption of the master's report or judgment for defendant. Rule 68.01(g)(3) does not dictate that the trial court receive evidence or, if it does, the scope

ly apply or erroneously declare the law. Point I is denied.

■ Point II is anything but a model point relied on. It is a rambling complaint about six aspects of the procedure utilized by the master. It then asserts that the alleged errors resulted in plaintiff being denied due process. Point II asserts that the trial court erred in adopting the master's report and entering judgment for defendant on Count I for six reasons. The first complaint is that the master's hearing was not held within 30 days from the date of the order referring the matter to a master "as required by Rule 68.01((f)(1))."

Plaintiff misstates what Rule 68.01(f)(1) requires. It states, as applicable here:

> When a reference [to a master] is made, the clerk shall forthwith furnish the master with a copy of the order of reference. Upon receipt thereof, unless the order of reference otherwise provides, the master shall forthwith set a time and place for the first meeting of the parties, or their attorneys, to be held within thirty days after the date of the order of reference and shall notify the parties, or their attorneys.

The 30–day requirement is not directed to a time for holding the hearing on a matter referred to a master or to the time for a master to make a report. The first complaint included in Point II has no merit.

The second complaint is that "the order or judgment of reference of the court did not set forth the powers, duties or extent of authority of the master under which he was to hold the hearing pursuant to Rule 68.01(e)." The order that referred Count I to a master appears in a "judgment" dated January 5, 2000. The applicable part

states, "As to Count I of plaintiffs' [sic] Petition, the issues raised therein are to be submitted to a Master under Missouri Supreme Court Rule 68, and the parties have agreed that Attorney Charles Kiefer of Springfield, Missouri, shall act as Master."

■ The applicable part of Rule 68.01(e) provides:

> The order of reference to the master *may* specify or limit the master's powers and *may* direct the master to report only upon particular issues or to do or perform particular acts or to receive and report evidence only and *may* fix the time and place for beginning and closing the hearings and for the filing of the master's report. *Subject to the specifications and limitations stated in the order,* the master has and shall exercise the power to regulate all proceedings in every hearing before the master and to do all acts and take all measures necessary or proper for the efficient performance of the duties under the order. [Emphasis added.]

Rule 68.01(e) permits a court that appoints a master to specify or limit the powers and duties imposed, but does not require that this be done. There were no specifications or limitations imposed by the order appointing the master in this case. Thus, the master's duties were to regulate all proceedings and do all acts necessary or proper to efficiently perform the task that was assigned by the trial court. The assigned task was to address the issues raised in Count I of the petition that was before the trial court. Upon conducting proceedings for that purpose, the master was required by Rule 68.01(g) to prepare a report upon the issues presented by Count I of the petition. The trial court was not

of the evidence it must receive in addition to arguments of counsel. *See Knopke v. Knopke,* 837 S.W.2d 907, 914 (Mo.App.1992). The trial court appropriately considered the evi-

dence before the master, as well as that presented at the hearing on plaintiff's objections. To require otherwise would defeat the purpose of utilizing a master to receive evidence.

**180**

required to limit the master's duties. Absent limitations the master had the powers delineated in Rule 68.01(e). *See, e.g., Knopke v. Knopke,* 837 S.W.2d 907, 914 (Mo.App.1992). The second complaint of Point II has no merit.

The third complaint is that "there is no evidence that the master took the oath required by Rule 68.01(d)." Rule 68.01(d) states, "Before proceeding to hear any testimony in the action, a master shall take and subscribe an oath, before some officer duly authorized to administer an oath, faithfully to hear and examine the matters at issue and to make a just, impartial and true report." At the beginning of the hearing the master conducted, he acknowledged his appointment to serve as master; that the appointment was made January 5, 2000. He stated, "I appeared before the Circuit Court of Christian County and was administered the oath required of masters in April of the year 2000."

■ Plaintiff's objections to the master's report did not raise this issue. No objection was made to the report on the basis that the master had not taken the prescribed oath. Similarly, although plaintiff filed a motion for new trial following entry of the judgment that was the subject of the appeal in *Stewart I,* the motion made no claim that the master had not taken the prescribed oath. The record does not reflect that the claim plaintiff now makes was presented to the trial court.

■ This court, on the basis of the record before it, finds no basis for plaintiff's challenge to the credibility of the master's statement that he took the prescribed oath prior to commencement of the proceedings. Further, "[a]n issue raised for the first time on appeal and not presented to or decided by the trial court is not preserved for appellate review." *Care and Treatment of Burgess v. State,* 72 S.W.3d

180, 184 (Mo.App.2002). The third complaint included in Point II is without merit.

■ The fourth complaint is that the master did not proceed with all reasonable diligence as required by Rule 68.01(f)(1). The record does not reflect this complaint was presented to the trial court. It is not part of the objections to the master's report filed by plaintiff. The complaint has not been preserved for appellate review. *Care and Treatment of Burgess, supra.* Plaintiff's fourth complaint has no merit.

■ The fifth complaint (identified in Point II as complaint "(E)") is that the master's report was not "just, impartial and true" as required by Rule 68.01(d). The argument portion of the brief (denominated in the brief as "E") does not address the issue identified as complaint "(E)" in the point relied on. Instead, plaintiff asserts in the part of the argument denominated "E" that an excessive period of time passed between the time the master was appointed and the date of the hearing. Rule 84.04(a)(1)(5) requires the argument to "substantially follow the order of the points relied on." The argument portion of plaintiff's brief does not comply with that requirement. Arguably, the part of the argument referenced to plaintiff's fifth complaint fails to address the complaint identified in the part of the point relied on to which it is directed and, therefore, the complaint is waived. (" 'An appellate court reviews only issues raised in the points relied on in an appellant's brief.' " *Villines v. Mier,* 58 S.W.3d 921, 924 (Mo.App.2001), quoting *State v. Rogers,* 973 S.W.2d 495, 498 (Mo.App.1998)).

Plaintiff did place, at the end of the argument portion of his brief directed to Point II, a section denominated "(G)". It is a narration of claimed "factual inaccuracies" in the master's report. Plaintiff fails to recognize that the issue addressed on appeal is the trial court's decision, not the

master's report. *M.F.M. v. J.O.M., supra,* at 957. Plaintiff's fifth complaint is denied.

■ The sixth and final complaint is that the master did not file the transcript of his hearing and the exhibits admitted in evidence at the hearing as required by Rule 68.01(g)(1). The master filed his report. However, he did not file the transcript and exhibits with the clerk of the court as required by Rule 68.01(g)(1). At the hearing on the objections to the report, however, plaintiff's attorney offered those items in evidence as Plaintiff's Exhibit A. They were admitted in evidence. This court finds no prejudice to plaintiff by this procedure. Further, plaintiff acquiesced in the procedure by submitting the transcript and the exhibits to the trial court at the hearing held on his objections to the master's report. Plaintiff may not now complain that the transcript and exhibits were not placed before the trial court by the master. The sixth complaint is denied.

Having found plaintiff's complaints to be without merit, plaintiff has not demonstrated the procedure followed by the trial court denied him of due process of law. Point II is denied. The judgment is affirmed as to plaintiff. The appeal of Steven Stewart is dismissed for the reason that the appeal before this court is an appeal of the judgment entered as to Count I. Steven Stewart is not a party to the action set out in Count I.

SHRUM, J., and RAHMEYER, C.J., concur.