**Garold SAVAGE, Respondent,**

v.

**TREASURER OF MISSOURI As Custodian of SECOND INJURY FUND, Appellant.**

**No. ED 93869.**

Missouri Court of Appeals, Eastern District, Division One.

April 27, 2010.

missibly engaged in fact-finding in contravention of our direction to hold a trial on this issue.

Kristin Frazier, Attorney Generals Office, St. Louis, MO, for appellant.

Michael Gerritzen, St. Louis, MO, for respondent.

NANNETTE A. BAKER, Judge.

## Introduction

The Treasurer of the State of Missouri, Custodian of the Second Injury Fund ("the Fund") appeals from a judgment of the Labor and Industrial Relations Commission ("the Commission") affirming the decision of the Administrative Law Judge ("ALJ") awarding Garold Savage ("Claimant") permanent and total disability. The Fund raises one point on appeal. The Fund claims that the Commission erred in applying an incorrect standard of causation and awarding benefits to an employee

who failed to prove a compensable work injury. We affirm.[1]

### Factual and Procedural Background

Claimant is a 55 year old male who attended school through the tenth grade. He earned his GED while serving in the Army from 1972 until 1974. After being discharged from the military and a period of unemployment, Claimant attended truck driving school. From 1976 to 1992, Claimant worked for a truck driving company and, later, the County Highway Department. Claimant began driving a concrete mixer for Breckenridge Materials ("Employer") in 1992, where he worked until his May 3, 2007 work injury.

On May 3, 2007, Claimant was washing his truck at the end of the work day when he walked around the truck, slipped and fell. His left knee hit the concrete, and he required help to stand back up. Based on his pain, Claimant told Employer he needed to go home. By the next morning, the pain had increased, and his left leg was swollen. Employer sent Claimant to Concentra Medical Center where he was prescribed a knee brace and physical therapy and told to modify his activity. An MRI on May 21, 2007 found a tear in his medial meniscus and osteoarthritis. Dr. Calvert and Dr. Van Ryn, both orthopedic surgeons, examined and treated Claimant. Claimant never returned to work.

Before to his May 3, 2007 injury, Claimant suffered from a number of injuries and health problems. Claimant injured his left knee on three previous occasions in 1992, 1993 and 1998 and had arthroscopic surgery for the first two injuries. Claimant has also had two arthroscopic surgeries on his right knee for injuries in 1995 and 2003. In addition, he has suffered injuries to his right hand, right wrist, left ankle, neck, shoulder and the loss of his big right toe. Claimant has been diagnosed with hypertension, congestive heart failure, chronic obstructive pulmonary disease and diabetes. In 2008, Claimant had surgery for multilevel cervical degenerative disc disease.

Claimant filed a claim with the Division of Worker's Compensation for permanent total disability benefits against the Second Injury Fund on June 25, 2007.[2] The ALJ conducted a hearing on March 31, 2009, where Claimant testified and offered the depositions and reports of Dr. Robert Poetz, an osteopathic physician and surgeon, and James England, a vocational rehabilitation specialist.

Claimant testified that his physical limitations have worsened since the May 3, 2007 injury. He cannot climb in or out of his truck, hold down the clutch, or do any repetitive lifting. He is stiff and sore in both knees and cannot sit for more than fifteen minutes or walk for more than one block. Claimant also testified that he has gained a significant amount of weight since the May 3, 2007 injury. Due to his injuries and constant pain, Claimant does not believe he can go back to work.

Dr. Poetz examined Claimant and his medical records. He opined that as a result of the May 3, 2007 fall, Claimant suffered a complex tear of the medial meniscus in his left knee with exacerbation of preexisting degenerative joint disease of Claimant's left knee. Dr. Poetz testified that Claimant is permanently and totally disabled due to the combination of the May 3, 2007 injury and Claimant's preexisting injuries and conditions. He testified that

---

1. This Court has reviewed the Motion taken with the case. Respondent's Motion to Dismiss Appellant's Appeal is denied.

2. Claimant settled his claim against Employer, and it is not part of this appeal.

Claimant cannot compete in the open labor market.

Mr. England met with Claimant and reviewed his medical records. He testified that Claimant is totally disabled from a vocational standpoint. Mr. England testified that he does not believe Claimant can return to any of his previous jobs nor does Claimant have any transferable skills. Mr. England opined that due to Claimant's skill set, size and physical limitations, employers would not likely hire him.

The Fund offered the deposition testimony and report of Dr. Bernard Randolph, a physiatrist.[3] Dr. Randolph reviewed Claimant's medical records but did not examine Claimant. He testified that Claimant should be able to work in a light to sedentary work demand category. Dr. Randolph opined that the prevailing factor for Claimant's disability is the underlying osteoarthritis, not the May 3, 2007 injury. He testified that if Claimant were able to properly manage some of his medical conditions combined with a knee replacement, Claimant would be able to maintain employment. However, Dr. Randolph testified that obesity is a risk factor for early failure of a knee replacement.

After the hearing, the ALJ found that Claimant sustained an additional 15% permanent partial disability to his left knee as a result of the May 3, 2007 injury and is permanently and totally disabled as a result of the combination of his disabilities. The Commission affirmed the award and incorporated her decision. This appeal follows.

## Standard of Review

Section 287.495.1[4] sets forth our standard of review. We may only modify, reverse, remand or set aside the Commission's award upon the following grounds:

(1) That the Commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the Commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

In *Hampton v. Big Boy Steel Erection,* the Missouri Supreme Court determined that we no longer view the evidence in the light most favorable to the Commission's award. 121 S.W.3d 220, 223 (Mo. banc 2003). Rather, we consider the evidence in the context of the whole record to determine whether the record contains sufficient competent and substantial evidence to support the award, or whether the award is contrary to the overwhelming weight of the evidence. *Id.* at 222–23. We must affirm the Commission's decision unless it was contrary to the overwhelming weight of the evidence. *Id.* at 223. This Court may review the Commission's award for questions of law.[5] Section 287.495.1; *Hampton,* 121 S.W.3d at 222–23.

---

3. In his deposition, Dr. Randolph referred to himself as a "specialist in physical medicine and rehabilitation, also known as physiatry." He describes the filed of physiatry as "evaluating and treating people who have neurological and musculosketetal injury and disease" focusing on "nonoperative or conservative management."

4. All statutory references are to RSMo.2000, unless otherwise indicated.

5. This Court reviews the findings of the Commission and not those of the ALJ. *Richard v. Mo. Dep't of Corrections,* 162 S.W.3d 35, 37 (Mo.App. W.D.2005). However, when the Commission affirms or adopts the findings of the ALJ, this Court reviews the findings of the ALJ as adopted by the Commission. *Id.*

## Discussion

■ The Fund's argument under this point relied on actually contains four separate claimed errors. These include: the Commission's failure to properly track the language of Section 287.020.3(1) in its ruling; the Commission's finding of "additional disability" as sufficient to support causation under Section 287.020.3(1); the Commission's dismissal of Claimant's prior injuries as irrelevant; and the Commission's improper use of the words "injury" and "accident." Of these claims, the point relied on claims only that the Commission erred and acted in excess of its power by awarding permanent total disability benefits to Claimant because the Commission employed an incorrect standard of causation and thereby awarded benefits to an employee who failed to prove a compensable work injury. We can address only the error specifically raised in the Fund's point relied on. *Villines v. Mier*, 58 S.W.3d 921, 924 (Mo.App. S.D.2001). The Fund's point is wholly without merit.

■ Section 287.020.3(1) provides, in part, as follows, "An injury by accident is compensable only if the accident was the prevailing factor in causing both the resulting medical condition and disability. 'The prevailing factor' is defined to be the primary factor, in relation to any other factor, causing both the resulting medical condition and disability." Mo.Rev.Stat. Section 287.020.3(1) Supp.2006. We will uphold the Commission's determination as long as it is supported by competent and substantial evidence and is not against the overwhelming weight of the evidence. *Hampton*, 121 S.W.3d at 222–23. In so doing, the Commission has the duty to make credibility determinations and resolve conflicting medical testimony. *Johnson v. Ind. W. Express, Inc.*, 281 S.W.3d 885, 892 (Mo.App. S.D.2009). "A claimant's credible testimony as to work-related functioning can constitute competent and substantial evidence." *Hampton*, 121 S.W.3d at 223–224.

■ In its Rulings of Law, the Commission stated, "Based on Claimant's testimony and the opinions of the medical experts, Claimant has established his 2007 work injury was the prevailing factor in causing additional disability and the need for additional treatment to his left knee." The Fund's entire argument rests on the fact that the phrase "medical condition" was not included in that particular sentence. The Fund argues that by omitting the phrase "medical condition," in its Rulings of Law, the Commission failed to find that the accident was the prevailing factor in causing the medical condition. The Fund, however, cites no authority, nor do we find any, where the failure to specifically track the statutory language of Section 287.020.3 in the Commission's ruling is error. The Fund argues that worker's compensation law is a creature of statute and courts must follow the rules of statutory construction, but does not explain why failure to specifically track the language of the statute is error. "When an argument includes conclusory propositions without referencing specific testimony or evidence and omits legal authority, no such connection between the law and facts can be made." *Donovan v. Temporary Help*, 54 S.W.3d 718, 720 (Mo.App. E.D.2001). Because the Fund did not provide adequate legal reasoning to support its proposition and did not explain why it failed to do so, we can deny this point for this reason alone.

However, we have *ex gratia* reviewed this claim and have found it to be without merit. While the Commission did not specifically use the words "medical condition," the phrase is implied in fact. It is clear that the Commission found Claimant's additional disability to his knee to be a medi-

cal condition. The Commission noted that Claimant had a disability in his knee before the accident, but this condition changed after the May 3, 2007 work injury.

In addition, there was substantial and competent evidence to support the Commission's determination that the May 31, 2007 injury was the prevailing factor in causing both Claimant's medical condition and disability. The Commission found the testimony of Dr. Poetz to be more credible than that of Dr. Randolph. Dr. Poetz, unlike Dr. Randolph, examined all of Claimant's prior medical records, was aware of Claimant's prior medical conditions and injuries, and conducted a physical exam of Claimant. In addition, the Commission found Claimant's testimony credible. Claimant testified that he cannot sit for extended periods, lift more than a grocery bag, climb in and out of a truck or hold down a clutch. Point denied.

### Conclusion

The decision of the Commission is affirmed.

KATHIANNE KNAUP CRANE, P.J., and CLIFFORD H. AHRENS, J., concur.